DECEMBER.

## WAGNER vs. WHITE.

In an action of *assumpsit* upon an express contract to pay rent for a house, the defence set up was, that a "large multitude of armed men, with high and irresistible force, seized upon and destroyed the demised premises, and evicted the lessee" —*Held,* that as the destruction of the demised premises by fire will not excuse the tenant from payment of the rent on an express covenant, a principle decisive of this case, so here, although it is a verbal, and not a written contract, on which the claim is founded, yet it is such a lease as the law recognizes; and the promise to pay the rent reserved, is just as valid and binding as if it was a covenant under seal; and that the plaintiff was entitled to recover upon the first count in his declaration, which charges an express contract to pay rent.

Whether such eviction would not be a good bar to an action for use and occupation only? *Quera.*

APPEAL from *Baltimore* County Court. *Assumpsit.* The declaration contained two counts; the *first* upon an express contract to pay rent, and the other for use and occupation. The defendant, (now appellant,) pleaded 1. *Non assumpsit.* 2. "That a large multitude of armed men, with high and irresistible force, did seize upon the said premises, and him the defendant did evict and turn out of the said premises, and the said house and improvements thereon did break down and destroy, and ruin, and thereby prevented the defendant from having or receiving any use or benefit from the said premises; and this he is ready to verify," &c. 3. "That a large body of armed men, enemies to the *United States* and this state, with irresistible force evicted and turned the defendant out of the possession of the premises aforesaid, and the house and buildings thereon broke and destroyed, and prevented the defendant from having and enjoying the use and occupation of the same, for and during the time aforesaid; and this he is ready to verify; wherefore he prays judgment," &c. To the first plea the plaintiff joined in issue. To the second plea she demurred; and to the third plea she replied, "That the defendant was not, with irresistible force, evicted and turned out of the possession of the premises by a body of armed men, enemies to the *United States* and this state; and this the plaintiff

prays may be inquired of the country, &c." Issue joined. The county court gave judgment on the demurrer for the plaintiff; and on the issues in fact verdicts were found for the plaintiff, and judgment being thereon rendered, the defendant prosecuted this appeal.

The cause was argued in this Court before BUCHANAN, EARLE, and JOHNSON, J.

*Winder*, for the Appellant.

*Pinkney* and *R. Johnson*, for the Appellee, referred to *Belfour vs. Weston*. 1 *T. R.* 310. *Monk vs. Cooper*, 2 *Stra.* 763. S. C. 2 *Ld. Raym.* 1477. *Hallett vs. Wylie*, 3 *Johns. Rep.* 44. *Auriol vs. Mills*, 4 *T. R.* 98. *Shubrick vs. Salmond*, 3 *Burr.* 1637. *Mills vs. Auriol*, 1 *H. Blk. Rep.* 433, and *White vs. Wagner*, (*ante* 373.)

BUCHANAN. J. delivered the opinion of the court. The defence set up is not confined to either of the counts in the declaration, but goes to the whole; which presents the question, whether the facts stated in the second plea are sufficient to absolve the lessee from his liability for the rent, which by his express agreement he contracted to pay? For, if the lessor is entitled to recover on the first count in the declaration, it is enough, though perhaps such eviction and destruction would be a good bar to an action for use and occupation only, without any lease or agreement to pay rent. The facts relied on are, that a "large multitude of armed men, with high and irresistible force, seized upon and destroyed the demised premises, and evicted the lessee." In an action on the case in nature of waste, between the same parties, and on the same facts, it was determined by this court at June term 1818, (*ante* 373,) that the destruction being neither by the act of God, nor of enemies to the state, (*in England*, the king's enemies,) the defendant was answerable in damages to the plaintiff for the injury done to the premises; and that case would seem to go the whole length of settling this. For if an action on the case, in nature of waste, will lie against a tenant for an injury to the premises, which he had not the means of preventing, it would be difficult to find a reason why a lessee should not be answerable for rent, which he has expressly stipulated to pay. But independently of that decision, it is a principle settled and established by numerous cases to be found in the books, "that the destruction of the demised premises by fire, will not excuse the tenant from payment of the rent, on an express covenant." Which principle is decisive of this case. For though it is a verbal, and not a written contract, on which the claim is founded, yet it is such a lease as the law recognizes, and the promise to pay the rent reserved is just as valid and binding as if it was a covenant under seal. The lessor has done no act to discharge the lessee, and there is no solid reason

why a destruction of the premises by such a number of men as he could not resist, should exonerate him from the rent any more than a destruction by fire, which he could not prevent. It is said to be hard on a lessee to be made to pay rent, for property which he has been deprived of the use of, without any fault on his part. It is so; but it would be a greater hardship on lessors if the law were otherwise. And however hard the general rule may seem to bear on a lessee, clearly without fault, it is better that the law should be so, and that every lessee should be made to feel it his interest to preserve the premises entrusted to his care, than that landlords, (who being out of possession, and not in a situation to protect their property,) should be placed at the mercy of their tenants, who may protect themselves by the terms of their leases; and the omission to do so shows a willingness to incur all risks. There is nothing in this case to take it out of the general rule. The defendant has bound himself by express agreement, without any reservation or exception, to pay the rent, and he must stand by his contract.

JUDGMENT AFFIRMED.